# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
    Plaintiff,

v.                                         Case No. 04-CR-201

**EVERARDO MARTINEZ,**
    Defendant.

## SENTENCING MEMORANDUM

The government charged defendant Everardo Martinez with conspiracy to distribute five kilograms or more of cocaine and one substantive count of cocaine distribution. Defendant pleaded guilty to the substantive count, and the probation office prepared a pre-sentence report ("PSR"), which set defendant's base offense level at 34 based on a relevant conduct drug weight of 19 kilograms of cocaine. The PSR subtracted 3 levels for acceptance of responsibility, for a final level of 31. Coupled with his criminal history category of I, the PSR set an imprisonment range of 108-135 months under the guidelines. Defendant initially contested the drug weight, which caused the government to oppose acceptance of responsibility. However, defendant later withdrew that objection, and the parties agreed to proceed to sentencing based on the guideline calculations in the PSR. Defendant asked for a sentence of 36 months, while the government favored a sentence of 144 months. In this memorandum, I set forth the basis for the sentence imposed.

## I. SENTENCING FACTORS

In imposing sentence, I consider the factors set forth in § 3553(a), which include:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the advisory guideline range;

(5)   any pertinent policy statements issued by the Sentencing Commission;

(6)   the need to avoid unwarranted sentence disparities; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). My task, after considering these factors, is to impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in sub-section (a)(2). I typically group the factors into three categories, analyzing the nature of the offense, the character of the defendant, and the needs of the public in light of the statutory purposes of sentencing. I then determine the appropriate sentence, taking into account the types of sentences available and the guideline recommendation, while attempting to avoid unwarranted disparity.

## II. DISCUSSION

### A. Nature of Offense

Defendant and others within his circle distributed a substantial amount of cocaine on the south side of Milwaukee over a period of several years. The parties agreed that the offense involved about 19 kilograms. Defendant argued that his involvement was a product of his severe cocaine addiction, and that he acted more as a middle man, bringing others together in the process of obtaining drugs for himself. The government countered that the amounts involved were too large for defendant to accurately be described as simply an addict supporting his habit.[1] I agreed that defendant's strong addiction, which neither side disputed, drew him into the drug lifestyle. Once he became involved, he dealt in fairly substantial amounts, both on his own and in bringing others together. Thus, his criminal activity did proceed somewhat beyond merely supporting a habit. There was no indication that defendant acted in a leadership capacity or that he possessed weapons, engaged in violence or made threats, so the offense was not aggravated in that sense.

The government asserted that following his indictment defendant threatened others who were supposedly cooperating against him and urged me to consider such conduct as an aggravating factor under § 3553(a).[2] I agreed that this was a factor I could consider under the statute. However, the government offered little specific on the issue. One cooperating witness said that threats had been relayed to him through other inmates; another cooperator stated that defendant told him he would drag the matter out so the

---

[1] For instance, the government noted that defendant would obtain and distribute one kilogram at a time.

[2] The government did not seek an enhancement under U.S.S.G. § 3C1.1.

3

witness would not get credit for cooperating.  Given the vague nature of this evidence, I declined to place a great deal of weight on it.

**B.     Character of Defendant**

Defendant was twenty-nine years old and had no prior criminal record.  He came to the United States with his family at the age of thirteen and became a lawful permanent resident of the United States.  Nevertheless, he was subject to removal based on this conviction, a harsh result given the presence of his entire family in this country.

Defendant started a drywall business in 1997 and became successful, employing several others.  He purchased a home and started a life with his girlfriend and son, who was six years old at the time of sentencing.  However, his occasional cocaine use escalated to daily use by 2004.  Prior to his arrest in July 2004, he was using three grams to one ounce per day.  Defendant's drug use alienated his girlfriend and parents, caused him to become abusive, and wrecked his business.  He would stay out for two or three days at a time on cocaine binges.  Defendant realized the extent of his problem and had started counseling for depression and substance abuse shortly before his arrest.

Since his arrest and detention, defendant's family stated that they noticed a difference in him.  Defendant's girlfriend stated that he was a good person when sober and married him in the jail.  Defendant's parents made similar comments, stating that defendant has improved his attitude.  Many family members appeared in court to support defendant at his sentencing.  Defendant had dropped out of high school in this country but expressed an interest in furthering his education in custody.

4

## C. Purposes of Sentencing

Given the amount of cocaine involved, a substantial period of confinement was needed to reflect the seriousness of the offense and deter others. However, because defendant had never been imprisoned before and would be deported upon completion of this sentence, substantial confinement was not required to deter him from re-offending or to protect the public. Defendant had significant substance abuse treatment needs, which he appeared to be attempting to address in the community just before his arrest, but given the other factors I had to consider, those needs initially had to be dealt with via recommendations to the Bureau of Prisons (BOP).

## D. Imposition of Sentence

The guidelines called for a term of 108-135 months. Under all the circumstances, I found that a sentence slightly below the range was sufficient but not greater than necessary to satisfy the purposes of sentencing. I based this sentence on the significant effect of substance abuse on defendant's conduct and his efforts to deal with that problem; the great loss he would suffer – loss of contact with his entire family – as a result of his deportation; and the positive aspects of his character discussed above, including his work history and family ties. Given these factors, I found that a sentence one year below the range would be sufficient. Any lesser sentence would have unduly depreciated the seriousness of the crime.

Therefore, I committed defendant to the custody of the Bureau of Prisons for 96 months. Because the sentence hewed closely to the guideline range and was supported by the particular facts of the case, it did not create unwarranted disparity. I also imposed

a three-year supervised release term, as required by statute, the conditions of which appear in the judgment.

Dated at Milwaukee, Wisconsin, this 26th day of October, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge